DAVID D. STUART vs. JOHN S. WALKER, Treasurer of Hennepin County.

When lands sold for taxes under *chapter 4 of Laws of* 1862 have been redeemed, the County Treasurer is by law required to pay over to the purchaser the *full amount* for which such property sold, with interest on such amount from the day of sale to the time of redemption, without making any deduction therefrom for fees.

This was a submission of a controversy without action, to the District Court of Hennepin County. The case agreed upon by the parties, containing the facts upon which the controversy depended, is substantially as follows:

On the 26th day of January, 1863, one D. W. Campbell was the owner of certain lands in Hennepin County, on which there was then due for State and County taxes, interest and charges, the sum of four dollars and seventy-five cents; that on that day the defendant, as Treasurer of Hennepin County, having given the notice required by law, did, at the office of the Auditor of said county, sell said lands at public auction, to said plaintiff, for said sum, in pursuance of an act of the Legislature of said State approved March 11, 1862; that on the 9th day of May, 1863, said Campbell redeemed said lands from said sale, by paying to defendant, as such Treasurer, the sum of five dollars and nineteen cents, which was the amount necessary to redeem the same; that thereupon the plaintiff demanded of defendant the said sum of five dollars and nineteen cents. The defendant, claiming he was entitled to three per cent. of said redemption money as his fees, refused to pay over said sum without first deducting such fees.

The case was submitted to said Court at a general term in November, 1863, and the Court rendered its decision thereon as follows:

Stuart v. Walker.

"The question presented for the decision of the court is, whether under *Chapter 4 of Laws of 1862*, the County Treasurer is entitled to deduct from the redemption money paid into his hands for the use of the purchaser under said act, his per centage for receiving the same.   As the statute in question contains no such authority, it becomes necessary to examine whether it exists by virtue of any other statute.

"Under the Revised Statutes, it was made the duty of the Register of Deeds to receive and pay over redemption money, and to execute the proper certificates.   *Comp. Stat.*, 242, *sec.* 9, 89. The purchaser under that act received (*sec.* 86) the sum paid and twenty-five per cent. per annum interest.   No per centage was allowed to the officer for such services.

"The new tax law of 1860 provided that a penalty of twenty per cent besides the interest should attach to the whole amount paid and expense incurred in such redemption, and also provided a different manner for effecting a redemption.   *Laws* 1860, *chapter* 1, *secs.* 87, 89.   And section 89 requires the application for the redemption money to be made to the Auditor who draws his warrant upon the Treasurer for the amount upon payment of his fees, and the Treasurer pays over the money, deducting his fees.

"It will be seen that under this act of 1860, the penalty attaches immediately, so that in no event, however soon the redemption might take place, could so novel a provision as that entertained in section 88, allowing fees to be deducted from the sum paid, deprive the purchaser of a fair return for his investment.

"But the law of March 11th, 1862, in question, is an independent and separate act, passed for a specific purpose, and in section nine has made specific and different provisions for the manner of effecting redemptions under that act.   (Compare this section with said sections 87 and 89, or any of the amendments thereto.)   Under this act neither the auditor or treasurer are required to perform any services for the purchaser subsequent to the delivery of the tax deed.

"The law provides that all the proceedings of the purchaser may be defeated and his tax deed annulled, by the redemptioner's pay-

ing the amount required by the act within one year to the treasu-rer *for the use of the purchaser*, and recording the Treasurer's certificate.

" The certificate is given to the party redeeming, and not upon the request of the purchaser nor for his benefit. It is plain, I think, that the provisions of *sec.* 89, *Laws* 1860, are inapplicable in such case.

" It is not for the benefit or convenience of the purchaser that the law requires the money to be deposited in a public office in-stead of being paid to him in person, and therefore it would re-quire a very clear expression of the intention of the Legislature requiring fees for such deposit to be paid by him before the courts would adopt a construction which would work injustice and in some cases positive loss.

"It is urged that it could not have reasonably intended that the treasurer should perform such services without being paid for them.    The Legislature have it in their power, and very often do in their discretion, annex duties to an office for which no particu-lar fees are chargeable, especially where public interests are in-volved, or where the particular services enjoined grow out of or are connected with other services for which fees are allowed. This goes on the ground that the fees or salary already allowed by law to such officers for general duties are a sufficient compensation for him.    As it is in the power of the Legislature to raise or low-er the fees of public officers, so also they may increase or diminish the amount of his duties.

" The decision, therefore, of this court is, that the Treasurer is not entitled to deduct his per centage from the redemption money paid into his hands for the use of the purchaser under the law of March 11th, 1862, and judgment is accordingly directed for the plaintiff.

                                          " C. E. VANDERBURGH, Judge."

The defendant appeals to this Court.


WILSON & McNAIR for Appellant.

L. M. STEWART for Respondent.

*By the Court*—WILSON, C. J.—The decision of the Court below in this case is correct. *Sec.* 9 *of chap.* 4 *of Laws of* 1862, provides that the amount for which the property sold, with interest on such amount from the day of sale to the time of redemption, shall be paid to the County Treasurer *for the use of the purchaser or his assigns.* The exact sum which the purchaser is entitled to receive is thus fixed by the letter of the statute.

A provision as plain as this cannot be explained away or modified by any doubtful implication, and on doubtful implication alone does the appellant rely to countervail the force of this positive enactment.

Judgment below affirmed.